UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MELINDA KAY HOLLINGSWORTH,

Plaintiff,

v.

CAROLYN W. COLVIN. Commissioner of Social Security, [1]

Defendant.

Case No. 3:12-cv-05643-BHS-KLS

REPORT AND RECOMMENDATION

Noted for June 21, 2013

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On October 6, 2009, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that she became disabled beginning

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit. **The Clerk of Court is directed to update the docket accordingly.**

July 17 2008, due to lower back problems. See Administrative Record ("AR") 9, 128, 132, 160. Both applications were denied upon initial administrative review on January 19, 2010, and on reconsideration on March 26, 2010. See AR 9. A hearing was held before an administrative law judge ("ALJ") on May 5, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 22-54.

In a decision dated July 28, 2011, the ALJ determined plaintiff to be not disabled. See AR 9-16. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 26, 2012, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; see also 20 C.F.R. § 404.981, § 416.1481. On July 20, 2012, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #1. The administrative record was filed with the Court on September 25, 2012. See ECF #9. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the Commissioner's final decision should be reversed and remanded for further administrative proceedings because the ALJ erred by failing to consider the opinion of her treating physician regarding her ability to work. For the reasons set forth below, however, the undersigned disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore recommends that defendant's decision to deny benefits be affirmed.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security

Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[2]

The record contains a letter dated June 11, 2010, from Beth Simati, M.D., plaintiff's treating physician, in which she stated that plaintiff's "total work time" should be limited to 20 hours per week. See AR 378. Plaintiff argues the ALJ erred in failing to mention or discuss that

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2dat 1119 n.10.

opinion in her decision. The undersigned agrees. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating physician's opinion is contradicted, it "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

Although the ALJ "need not discuss *all* evidence presented" to him or her, the ALJ must explain why "significant probative evidence has been rejected." Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original); see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984). The opinion of a treating physician regarding a claimant's ability to perform work is significant probative evidence, and therefore the ALJ in this case expressly should have considered the opinion of Dr. Simati. See 20 C.F.R. § 404.1527(c)(2).[3] The ALJ's failure to do so constitutes error. The undersigned finds that error to be harmless, though, and thus it is not a valid basis for remanding this matter.

"[H]armless error principles apply in the Social Security context." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to

[3] That regulatory provision provides in relevant part:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

Id.; 20 C.F.R. § 416.927(c)(2); see also Rodriquez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989) ("[T]he medical opinion of a claimant's treating physician is entitled to special weight. The treating physician's opinion is given deference because he is employed to cure and has a greater opportunity to know and observe the patient as an individual.").

the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." Stout v. Commissioner, Social Security Admin., 454 F.3d 1050, 1055 (9th Cir. 2006); see also Molina, 674 F.3d at 1115; Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" Molina, 674 F.3d at 1118-1119 (quoting Shinseki v. Sanders, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Relying on the Seventh Circuit's decision in Steele v. Barnhart, 290 F.3d 936 (2002), plaintiff argues the ALJ's failure to discuss Dr. Simati's opinion constitutes reversible error "because there is no explanation or reason articulated as to why this evidence was rejected," and this Court "may not look to other substantial evidence which may exist in the administrative record to cure this defect." ECF #11, p. 3. In Steele, the Seventh Circuit stated that regardless of "whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine [the Court's] review to the reasons supplied by the ALJ." 290 F.3d at 941. This is fully in line with Ninth Circuit precedent. See Stout, 454 F.3d at 1054 ("[w]e are constrained to review the reasons the ALJ asserts"; "we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Pinto v. Massanari, 249 F.3d 840 (9th Cir. 2001); Magallenes v. v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The Seventh Circuit's decision in Steele, however, does not address the issue of whether the failure of the ALJ to articulate grounds for his or her decision – though clearly error on the ALJ's part – is subject to harmless error analysis. But in Spiva v. Astrue, 628 F.3d 346 (7th Cir.

2010), the Seventh Circuit answered that question in the affirmative. See id.at 353 ("The doctrine of harmless error is applicable to judicial review of administrative decisions."). In that Circuit, an error is deemed harmless "[i]f it is predictable with *great confidence* that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support." Id. (emphasis added). In such instances "remanding is a waste of time." Id.

In a case specifically dealing with an ALJ's failure to discuss lay witness testimony, the Ninth Circuit adopted a similar standard: "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can *confidently conclude* that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1054 (emphasis added). In Stout, the ALJ's error was not harmless because the testimony the ALJ failed to consider "identified limitations not considered by the ALJ, was uncontradicted by anything in the record, and was highly probative of [the claimant's] inability to work." Molina, 674 F.3d at 1116 (citing Stout, 454 F.3d at 1054-55).

It is true as plaintiff points out that Molina does not deal with the failure to address the opinion of a treating physician. The Ninth Circuit, though, has found the harmless error standard to be applicable in that context. See Abela v. Secretary of Health & Human Services, 960 F.2d 152, 1992 WL 33291 *4 ("Although there may be error if the ALJ fails to present clear and convincing reasons for disregarding the treating physician's opinion, we cannot reverse the ALJ if that error was harmless.") (citing Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)). In Abela, in finding the ALJ's failure to consider the claimant's treating physician's opinion to be harmless, the Ninth Circuit expressly noted that it was "clear" that opinion conflicted with the

"many [other] medical reports" from that physician "where there was no indication [he] thought [the claimant] was totally disabled." Id.

In other contexts as well the Ninth Circuit has found ALJ error to be harmless where the Court could "conclude from the record that the ALJ would have reached the same result absent the error," and where "it was clear" that the error "did not alter the ALJ's decision." Molina, 674 F.3d at 1115. The undersigned further finds that the standard used by the Ninth Circuit in Molina – and as discussed above the similar one employed in Spiva – for determining whether the ALJ's failure to consider lay witness testimony is harmless presents a high hurdle for the government to overcome, since it must be clear that the error is inconsequential to the ultimate disability determination for it to be found harmless. This standard thus is sufficiently deferential to the special weight accorded treating physician opinions. Accordingly, in this case the ALJ's failure to consider Dr. Simati's opinion will not be deemed harmless, unless the Court possesses "great confidence" that such failure would not alter the ALJ's ultimate disability determination. Put another way, the Court must "confidently conclude" no reasonable ALJ could have decided differently than the ALJ did here.

Harmless error will not be found, therefore, merely where substantial evidence arguably supports the ALJ's silent rejection of the improperly rejected medical opinion evidence, that is, where the record admits of more than one rational interpretation, as defendant appears to suggest. As the Seventh Circuit in Spiva explained:

> . . . The government seems to think that if it can find enough evidence in the record to establish that the administrative law judge *might* have reached the same result had she considered all the evidence and evaluated it . . . it is a case of harmless error. But the fact that the administrative law judge, had she considered the entire record, might have reached the same result does not prove that her failure to consider the evidence was harmless. Had she considered it carefully, she might well have reached a different conclusion.

628 F.3d at 353 (emphasis in original). On the other hand, as noted by the Ninth Circuit where "it is 'obvious from the record . . . that the error made no difference'" to the ALJ's ultimate disability determination, that error will be deemed harmless. Molina, 674 F.3d at 1118 (quoting Shinseki, 556 U.S. at 407).

In this case it is "obvious from the record" that the ALJ's failure to consider Dr. Simati's opinion made no difference to her ultimate disability determination, as the medical and other evidence provides overwhelming support therefor. Accordingly, the undersigned can confidently conclude that no reasonable ALJ would have come to a different disability determination. As noted above, the Ninth Circuit in Stout found the ALJ's error to have been harmful because the improperly rejected lay witness testimony "identified limitations not considered by the ALJ," and because that testimony "was uncontradicted by anything in the record." Molina, 674 F.3d at 1116 (quoting 454 F.3d at 1054-55). In this case, though, the ALJ found the objective clinical and other medical opinion source evidence in the record did not support plaintiff's allegation that she was unable to perform full-time work. See AR 14-15. The ALJ found as well that plaintiff's own reported activities of daily living did not support her disability claim. See AR 14. Plaintiff did not assert any error with respect to either of these findings in her opening brief, and thus has waived any challenge thereto.[4]

In addition, while there is another opinion in the record limiting plaintiff to no more than 20 hours of work per week, the ALJ rejected that opinion in part on the basis that it lacked any explanation for that limitation. See AR 15, 232. Here too plaintiff has offered no challenge to the ALJ's findings, and the undersigned notes Dr. Simati's opinion is similarly devoid of any

---

[4] See Paladin Associates., Inc. v. Montana Power Co., 328 F.3d 1145, 1164 (9th Cir. 2003) (by failing to make argument in opening brief, objection to district court's grant of summary judgment was waived); Kim v. Kang, 154 F.3d 996, 1000 (9th Cir.1998) (matters not specifically and distinctly argued in opening brief ordinarily will not be considered).

explanation for the 20 hour limitation contained therein. See AR 378-79. Thus, the ALJ's reason for rejecting the other 20-hour work restriction applies equally well to Dr. Simati's. See Molina, 674 F.3d at 1116-17 (finding harmless failure to discuss lay witness testimony where ALJ gave sufficient reasons for rejecting claimant's similar testimony) (citing Valentine v. Commissioner Social Security Admin., 574 F.3d 685, 694 (9th Cir. 2009)).[5]

Another factor the Ninth Circuit has deemed "important in determining harmlessness" is "the 'overall strength of [the] case' against" the claimant. Id. at 1119 (citations omitted). As discussed above, the great weight of the objective medical evidence and plaintiff's own reported activities stand in sharp contrast to the unsupported opinion of Dr. Simati limiting plaintiff to only 20 hours of work per week. Further, that evidence contradicts Dr. Simati's opinion "on material points," namely plaintiff's ability to perform full-time work. Id. For all of the above reasons, the undersigned finds that although the ALJ erred in failing to address Dr. Simati's opinion in her decision that error was harmless, since it is clear no reasonable ALJ would have come to a different disability determination absent that error.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ properly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court affirm defendant's decision.

---

[5] In Molina, the Ninth Circuit went on to explain: "Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, it would be inconsistent with our prior harmless error precedent to deem the ALJ's failure to discuss the lay witness testimony to be prejudicial per se." Id.; see also Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ need not accept opinion of treating physician if inadequately supported by clinical findings or by record as whole). Indeed, as the Ninth Circuit further explained in Molina and as discussed above, the role of the reviewing court "is limited" because an agency's decision may not be upheld "on a ground not actually relied on by the agency." 674 F.3d at 1121. For the same reason, if an ALJ "provided well-supported grounds for rejecting testimony regarding specified limitations," the Court cannot then "ignore the ALJ's reasoning and reverse the agency merely because the ALJ did not expressly discredit each witness who described the same limitations." 674 F.3d at 1121.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **June 21, 2013**, as noted in the caption.

DATED this 31st day of May, 2013.

Karen L. Strombom
United States Magistrate Judge